| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK<br>(SYRACUSE DIVISION) | Hearing Date: July 16, 2009<br>Hearing Time: 11:30 a.m.<br>Hearing Location: Syracuse, New York |
| In re<br><br>NORTHEAST BIOFUELS, LP, *et al.*,<br><br>                              Debtors. | Case No. 09-30057-5-mcr<br>Chapter 11 (Main Case)<br>Case No. 09-30058-5-mcr<br>Case No. 09-30059-5-mcr<br><br>Jointly Administered |

**DEBTORS' FIRST OMNIBUS MOTION PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE AND RULES 6006 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The above captioned debtors, and debtors in possession (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, pursuant to Section 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedures for Authorization to Reject Certain Executory Contracts and Unexpired Leases. In further support of this Motion, the Debtors respectfully represent as follows:

**PLEASE REVIEW EXHIBIT A TO THIS MOTION FOR A LIST OF EXECUTORY CONTRACTS AND LEASES TO BE REJECTED**

**Jurisdiction**

1. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On January 14, 2009 (the "Petition Date"), Northeast Biofuels, LP ("NEB") together with NEB Holdings, LP and NEB GP, Inc., each commenced a case under chapter 11 of the Bankruptcy Code. The general circumstances and events leading to the commencement of

{30768/22315/JCT/00051124.DOC}

the Debtors' cases are described in the Declaration of Douglas MacKenzie in Support of the Debtors' Chapter 11 Petitions and First Day Relief (the "MacKenzie Declaration"), also filed on January 14, 2009 (Docket No. 3). The MacKenzie Declaration is incorporated by reference herein.

3. On the Petition Date, NEB employed 57 people.

4. On February 2, 2009, an Official Committee of Unsecured Creditors was appointed in the Debtors' cases (the "Creditors' Committee").

5. Since June 30, 2006, NEB has been developing and constructing a 100 million-gallons-per-year ethanol plant in Fulton, New York (the "Facility").

6. On March 9, 2009, NEB filed a motion seeking to sell its assets and establish procedures for a sale (Docket No. 107) (the "Sale Motion"). On March 19, 2009, the Court entered an order approving bid procedures for the sale and scheduled an auction sale for May 12, 2009 (the "Auction") and a sale hearing for April 29, 2009 (the "Sale Hearing") (Docket No. 121). The Auction was adjourned to May 18, 2009 and the Sale Hearing was adjourned to May 19, 2009.

7. On or about May 22, 2009, an order was entered approving the sale of the Facility to Sunoco, Inc ("Sunoco") (the "Sale Order") (Docket No. 268).

8. The Debtors settled their dispute with Lurgi, Inc., pursuant to the terms of an Asset Purchase Agreement dated May 7, 2009. The Asset Purchase Agreement with Lurgi was approved by Order of the Court dated June 8, 2009 (Docket No. 274).

**Relief Requested**

9. Pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors seek an order authorizing the rejection of eighteen (18) executory contracts

or unexpired leases (collectively the "Contracts") on the list annexed hereto as Exhibit A.

The Contracts

10. The Contracts are related to the operation of the Facility and include agreements to provide: water treatment, natural gas, engineering services, consulting services, railroad switching, certain equipment, equipment maintenance, transportation services, ethanol purchase and sale, environmental services, utilities, corn procurement and distillers grains purchase and sale.

11. With the Debtors no longer operating the Facility the above-referenced Contracts are no longer a benefit to the Debtors' estates. The Debtors seek rejection of the Contracts effective as of the date of this Motion.

**Rejection of the Contracts Is Supported By the Debtors'
Business Judgment and Should Be Approved By the Court**

12. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (*quoting* 2 *Collier on Bankruptcy* § 365.01[1] (15th Ed. 1993)).

13. The standard applied to determine whether the rejection of an unexpired lease should be authorized is the "business judgment" standard. *See Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *In re Child World, Inc.*, 142 B.R. 87, 89 (S.D.N.Y. 1992). Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and

upon finding that a debtor has exercised its sound business judgment, approve such rejection under 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); *In re Klein Sleep Products, Inc.*, 78 F.3d at 25 (recognizing the "business judgment" standard used to authorize rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

14. Following the commencement of these chapter 11 cases on January 14, 2009, and mindful of their fiduciary duties to preserve cash and assets for the benefit of their estates and creditors, the Debtors began the process of evaluating their unexpired leases and other executory contracts to determine whether it would be appropriate to assume or reject them. Following the sale of the Facility to Sunoco, and Sunoco's determination that it will not assume the Contracts, the Debtors have made a determination that the Contracts identified in Exhibit A hereto no longer serve any useful purposes for the Debtors. Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that it is in their best interests of their estates to reject the Contracts.

15. In light of the foregoing, the Debtors respectfully request authorization to reject the Contracts under section 365(a) of the Bankruptcy Code, to be effective as of the date this Motion was filed with the Court.

**Notice**

16. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to the (i) United States Trustee for the Northern District of New York, (ii) the attorneys for the Debtors' prepetition lenders and postpetition lenders, (iii) the attorneys for the official unsecured Creditors' Committee, iv) the counter parties to the Contracts and (v) all parties having filed notices of appearance in the case. The Debtors submit that no other or further notice need be given.

17. No previous motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE** the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

| | |
|---|---|
| Dated: Syracuse, NY<br>June 23, 2009 | Respectfully submitted,<br><br>**MENTER, RUDIN & TRIVELPIECE, P.C.**<br><br>By: /s/James C. Thoman, Esq.<br>Jeffrey A. Dove, Esq.(Bar Roll No. 101532)<br>James C. Thoman, Esq. (Bar Roll No. 511771)<br>308 Maltbie Street, Suite 200<br>Syracuse, New York 13204-1498<br>Telephone: (315) 474-7541<br>Facsimile: (315) 474-4040<br><br>and<br><br>**BLANK ROME LLP**<br>Marc E. Richards, Esq.<br>Rocco A. Cavaliere, Esq.<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, New York 10174-0208<br>Telephone: (212) 885-5000<br>Facsimile: (212) 885-5001 |