**SO ORDERED.**

**SIGNED this 28 day of July, 2009.**



_____
**MARGARET CANGILOS-RUIZ
UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK (SYRACUSE DIVISION)

| | |
|---|---|
| In re | Case No. 09-30057-5-mcr |
| | Chapter 11 (Main Case) |
| NORTHEAST BIOFUELS, LP, *et al.*, | Case No. 09-30058-5-mcr |
| | Case No. 09-30059-5-mcr |
| Debtors. | |
| | Jointly Administered |

**ORDER GRANTING DEBTORS' FIRST OMNIBUS MOTION
PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE
AND RULES 6006 AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO REJECT
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking an order authorizing the rejection of certain executory contracts and unexpired leases, and the Motion having come on to be heard at a regular motion term of this Court on July 16, 2009, and the Debtors having appeared in support of the Motion by their attorneys, Menter, Rudin & Trivelpiece, P.C., Jeffrey A. Dove, Esq., of counsel, and the Official Committee of Unsecured Creditors, by its attorneys Bond Schoeneck & King, PLLC, Stephen A. Donato, Esq. of counsel, and the Office of the United States Trustee, by Assistant United States Trustee Guy A. Van Baalen having appeared and not opposed the Motion, and Constellation NewEnergy – Gas Division, LLC ("CNEG") having filed a Response

and Cross-Motion (the "Cross-Motion") seeking allowance and payment of an administrative expense claim, and CNEG also having appeared by its attorneys, Lowenstein Sandler PC, Michael S. Etkin, Esq., of counsel, and the Debtors having filed a Reply to the Cross-Motion, and Counsel for the Debtors having advised the Court that a contract with ICM, Inc. was mistakenly included on the list of contracts to be rejected, when in fact it had already been assumed and assigned pursuant to an earlier order of this Court, and accordingly, the Debtors were withdrawing the requested relief with respect to the contract with ICM, Inc., and due deliberation of the foregoing having been had and good cause appearing therefore, it is

ORDERED, that the Motion be and hereby is GRANTED as hereinafter set forth; and it is further

ORDERED, that the Debtors rejection of each of the contracts and leases set forth on Exhibit "A" to the Motion be and hereby is authorized and approved, effective as of June 23, 2009, except as to the contract with ICM, Inc., for which the request for rejection was withdrawn by the Debtor, and which contract was previously assumed and assigned by the Debtors under the authority of a prior order of this Court; and it is further

ORDERED, that nothing contained in the Motion or in this Order shall be deemed an admission or a finding that the contracts or leases listed in the Motion were executory or unexpired as of the date of the Debtors' petitions under Chapter 11 or as of the return date of the Motion, and all rights of the Debtors and the counter-parties to such contracts and leases are hereby reserved with respect to such issue; and it is further

ORDERED, that each counter-party to the contracts and unexpired leases rejected under authority of this Order shall file a proof of claim for any damages allegedly arising from the rejection of such contract or lease no later than August 31, 2009, or be forever barred from

asserting such claim against the Debtors and their estates, provided, however, that the filing of proofs of claim relating to any claims held by such parties that do not arise from the rejection of the contracts or leases described on Exhibit "A" to the Motion shall be governed by this Court's order of January 22, 2009 establishing August 19, 2009 as the bar date for the filing of proofs of claim; and it is further

ORDERED, that the Debtors shall serve a copy of this order on the parties listed on Exhibit "A" to the Motion not later than July 31, 2009; and it is further

ORDERED, that the Cross-Motion be and hereby is DENIED, without prejudice, and CNEG shall have the right to re-file a motion or motions seeking the same or similar relief as sought in the Cross-Motion and timely assert any other claims against the Debtors, without prejudice to the rights of the Debtors to oppose any such motion or motions and the relief sought therein or any such other claims.

###