Hearing Date: November 19, 2009
Time: 11:30 a.m.
Response Deadline: November 16, 2009
Hearing Location: Syracuse, New York

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

NORTHEAST BIOFUELS, LP, *et al.*,

Debtor.

Case No. 09-30057
Chapter 11 Case
(Main Case)

### AMENDED OBJECTION TO ALLOWANCE OF A PORTION OF CLAIM NO. 62 AND TO ALLOWANCE OF DUPLICATE CLAIM NO. 63 FILED BY NOBLE AMERICAS CORP.

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Bond, Schoeneck & King, PLLC, respectfully sets forth as follows:

1. On January 14, 2009 (the "Petition Date"), debtor Northeast Biofuels, LP and certain of its affiliates (collectively, the "Debtors") filed separate, voluntary petitions for relief under chapter 11 of title 11, U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"). The Debtors' cases are being jointly administered pursuant to Orders entered by this Court on January 15, 2009 and January 23, 2009.

2. The Committee was appointed by the Office of the United States Trustee in these cases on February 2, 2009. On March 17, 2009, the Court entered an Order appointing Bond, Schoeneck & King, PLLC as counsel to the Committee, effective as of the Petition Date.

3. On January 23, 2009, the Court entered an Order Fixing Deadline to File Proofs of Claim pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("FRBP") establishing August 19, 2009 as the deadline for filing Proofs of Claim against the Debtors and their estates (the "Bar Date").

4. On May 22, 2009, the Court entered an Order authorizing and approving the sale of substantially all of the assets owned by debtor Northeast Biofuels, LP to Sunoco, Inc. (R&M) ("Sunoco") and authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Sale Order"). Following the entry of the Sale Order, it was determined by the Debtors, the Committee and other parties in interest in these cases that the Committee would be authorized to file objections, settle, compromise, withdraw or litigate to judgment objections to any and all claims on behalf of the Debtors' estates.

5. In accordance with this grant of authority, the Committee and its counsel have reviewed the Debtors' Schedules, books and records and the respective Claims Registers maintained by the Bankruptcy Court in theses cases. In addition, the Committee's counsel has conferred with the Debtors' counsel and accounting personnel concerning the Debtors' general unsecured claims.

6. As discussed more fully below, the Committee makes this Objection pursuant to § 502(b) of the Bankruptcy Code and FRBP 3007 and seeks an Order disallowing a portion of the amount set forth in Proof of Claim No. 62 filed by Noble Americas Corp. ("Noble") in these cases, and reducing the Claim accordingly. The Committee also hereby seeks to disallow and expunge, in it entirety, the duplicate Claim No. 63 filed by Noble in these cases.[1]

---

[1] Counsel for the Committee did not discover that the duplicate Claim No. 63 had been filed until after it served the original Objection to Claim No. 62 on October 20, 2009. Claim No. 62 was filed on August 19, 2009 and Claim No. 63 was filed on August 24, 2009. Counsel has examined Claim No. 63, and it is identical to Claim No. 62. It is unclear why Noble filed two identical Claims in these cases.

1627319.1 10/21/2009

7. This Court has subject matter jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8. On or about January 27, 2005, Northeast Biofuels, LLC, a New York limited liability corporation ("Biofuels NY"), the original developer of the ethanol facility in Fulton, New York, entered into an Ethanol Purchase and Sale Agreement (the "Agreement") with Noble pursuant to which Noble agreed to purchase the ethanol fuel additive produced by Biofuels NY at the Fulton, New York facility. The Agreement was for a period of ten (10) years. A copy of the Agreement is attached hereto as Exhibit "A".

9. On June 12, 2006, Biofuels NY, Noble and Northeast Biofuels, L.P. entered into a Novation pursuant to which Biofuels, L.P. was substituted as the successor in interest for Biofuels NY under the Agreement. On August 11, 2008, Noble and Biofuels, L.P. entered into a Second Amendment to Ethanol Purchase and Sale Agreement.

10. On July 28, 2009, this Court entered an Order Granting Debtors' First Omnibus Motion Pursuant to Section 365(a) of the Bankruptcy Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure for Authorization to Reject Certain Executory Contracts and Unexpired Leases (the "Rejection Order"). The Rejection Order was made effective as of July 23, 2009 and provided, among other things, that "each counter-party to the contracts and unexpired leases rejected under authority of this Order shall file a proof of claim for any damages allegedly arising from the rejection of such contract or lease no later than August 31, 2009 . . ."

11. The Debtors rejected the Agreement pursuant to the Rejection Order.

12. On August 19, 2009, Noble filed Proof of Claim No. 62 asserting a rejection claim in the amount of $9,995,239.24 (the "Rejection Claim"). The Rejection Claim is itemized by Noble into three separate components, as follows:

| | |
|---|---|
| a. Outstanding Accounts Receivable | $ 863,780.72 |
| b. Accrued Receivables (railcar charges) | $ 715,040.52 |
| c. Future Railcar Leases | $8,416,418.00 |
| Total: | $9,995,239.24 |

13. The Committee has reviewed the Rejection Claim, the materials submitted in support thereof and the Debtors' Schedules and books and records, has conferred with the Debtors' representatives and has concluded that the Debtors are indebted to Noble only for the Outstanding Accounts Receivable in the amount of $863,780.72 and a portion of the Accrued Receivables (railcar charges) in the amount of $486,993.52, for a total amount due of $1,350,774.24. With respect to the remaining portion of the Accrued Receivables (railcar charges) in the amount of $228,047.00, the Debtors have no record of invoices received from Noble for this amount, which apparently was incurred during the period of May 31, 2009 through June 23, 2009.

14. Based upon the Committee's review of the Agreement and the Debtors' books and records, however, the Committee objects to the allowance of that portion of the Rejection Claim seeking the allowance of Future Railcar Lease damages in the amount of $8,416,418.00.

15. The Committee's objection is based upon the relevant language found in Section 8.1 of the Agreement which requires Noble to be solely responsible for arranging transportation of the ethanol product purchased from the Debtors. The transportation expenses are expenses to be paid by Noble directly to the freight carriers. In addition, Section 10.3 provides that the fee owed to Noble "will be paid through deductions by [Noble] from remittances to [the Debtors]

hereunder." In other words, Noble would recover its fee and the transportation expenses incurred only to the extent that there were corresponding ethanol sale proceeds due the Debtors.

## DISCUSSION

16. Under Section 502(a) of the Bankruptcy Code, a claim or interest is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). FRBP 3007 requires a party in interest to file a written objection to the allowance of a claim. A creditors' committee constitutes a party in interest with standing to object to a Proof of Claim. *In re QMect, Inc.*, 349 B.R. 620, 625 (Bankr. N.D. Cal. 2006); *see also In re Dynamic Brokers, Inc.*, 293 B.R. 489, 497 (9th Cir. BAP 2003) (stating the use of Section 502(a) and Rule 3007 is one of two options available to challenge a claim deemed "allowed" under Section 502(a)).

17. Upon the filing of an objection, the Court is required to determine whether and to what extent a claim may be allowed as of the petition date. 11 U.S.C. § 502(b). The Court may not allow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

18. In determining whether or not a claim is enforceable against a debtor, the debtor must be given the benefit of any defense available to the debtor which the debtor could have interposed, absent bankruptcy, in a suit on the claim by the creditor. *See* 11 U.S.C. § 558; *Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 127 S.Ct. 1199 (2007); *In re Brill*, 318 B.R. 49 (Bankr. S.D.N.Y. 2004); *In re U.S. Lines, Inc.*, 262 B.R. 223, 234-35 (S.D.N.Y. 2001); *In re Cutler-Owens Int'l, Ltd.*, 55 B.R. 291 (Bankr. S.D.N.Y. 1985).

19. As discussed above, the Committee agrees that Noble's Rejection Claim is comprised of the Outstanding Accounts Receivable in the amount of $863,780.72 and the Accrued Receivable (railcar leases) in the amount of $486,993.52, and will agree to allow that portion of the Rejection Claim totaling $1,350,774.24 on behalf of Noble. The Rejection Claim, however, should not include alleged damages for Future Railcar Leases totaling $8,416,418.00 because, under the Agreement, Noble will not incur those future expenses.

20. The Committee respectfully submits, however, that as a result of the cessation of the Debtors' operations and the rejection of the Agreement, there will be no future ethanol sale proceeds from which transportation expenses for future railcar leases can be deducted. Noble will not need to incur any transportation expenses because it will not be purchasing ethanol from the Debtors. As a result, Noble is not damaged in the amount of $8,416,418.00 as a result of the Rejection Order.

21. According to the Debtors' books and records, therefore, the Debtors do not owe Noble any amount for Future Railcar Leases under the Agreement. The Committee therefore respectfully requests that Claim No. 62 filed by Noble be reduced and allowed as a general unsecured claim in the amount of $1,350,774.24.

22. The Committee reserves the right to supplement this Objection and to object to Claim No. 62 on any grounds not stated herein. In addition, the Committee reserves the right to object to all other claims filed in the Debtors' cases, including any other claims asserted by Noble.

23. Pursuant to FRBP 3007 and 5005, the Committee will provide at least thirty (30) days' notice of this Objection to: (a) Noble; (b) the Office of the United States Trustee; (c) counsel for the Debtors; and (d) all parties requesting notice in these cases. The Committee respectfully submits that no other or further notice is necessary or required.

24. No other or prior motion for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, based upon the foregoing, the Committee respectfully requests that the Court issue an Order:

    a. reducing Claim No. 62 filed by Noble Americas Corp. and allowing that portion of the Claim in the amount of $1,350,774.24 as a general unsecured claim in these cases;

    b. disallowing, and expunging in its entirety, that portion of Claim No. 62 representing Accrued Receivables (railcar leases) in the amount of $228,047.00;

    c. disallowing, and expunging in its entirety, that portion of Claim No. 62 in the amount of $8,416,418.00 representing alleged damages for Future Railcar Leases;

    d. disallowing, and expunging in its entirety, duplicate Claim No. 63 in the amount of $9,995,239.24; and

    e. awarding such other and further relief as the Court deems just and proper.

Dated: October 21, 2009
       Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By: /s/ Camille W. Hill
Stephen A. Donato, Esq., of counsel and
Camille W. Hill, Esq., of counsel
*Attorneys for the Committee*
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000